UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEPHANIE WOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No. 2:21-cv-00113-NT |
| ) | |
| CHIROPRACTIC CENTER, ) | |
| PA, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND ON DEFENDANTS' MOTION TO SET ASIDE DEFAULT**

Before me are the Plaintiff's motion for default judgment ("**Pl.'s Mot.**") (ECF No. 19) and the Defendants' motion to set aside the Clerk's entry of default ("**Defs.' Mot.**") (ECF No. 24). For the reasons stated below, the Plaintiff's motion is **DENIED** and the Defendants' motion is **GRANTED**.

**BACKGROUND**

On April 27, 2021, the Plaintiff, Stephanie Wood, filed a one-count Complaint against her former employer, Chiropractic Center, PA, ("**Chiropractic**") alleging retaliation in violation of the False Claims Act. Compl. (ECF No. 1). On May 11, 2021, the Complaint was served on Chiropractic by personally serving Dr. Debra Tillou, the owner of Chiropractic, by Douglas Calderbank. Executed Summons on Compl. (ECF No. 4); Compl. ¶ 7; Aff. of Douglas Calderbank LPI ("**Calderbank Aff.**") ¶ 6 (ECF No. 25-1). In response, Dr. Tillou sent a letter to the Plaintiff's counsel, to which she attached a copy of the summons that was issued to Chiropractic, as well as what she

described as "my response to Stephanie Wood" ("**Chiropractic's Answer**"[1]). Debra Tillou Resp. (ECF No. 5-1). Chiropractic's Answer contains a response to most of the factual allegations in the Complaint. Debra Tillou Resp. 3–5. Plaintiff's counsel then filed Chiropractic's Answer on the docket. Notice (ECF No. 5).

On June 3, 2021, the Magistrate Judge issued an order noting that a corporation (like Chiropractic) cannot appear in federal court without an attorney and ordering Chiropractic to secure counsel or to show cause why Chiropractic's Answer should not be stricken. June 3, 2021, Order (ECF No. 6). The Magistrate Judge set a deadline of June 28, 2021, and ordered that a copy of his order be mailed to Dr. Tillou. June 3, 2021, Order. That order was then mailed to 290 Bremen Road, Waldoboro, Maine, but it was ultimately returned as undeliverable on July 7. Returned Mail (ECF No. 10). When the mailing was returned to the Court on July 7, it was re-sent to 299 Bremen Road in Waldoboro (the "**Property**").[2] But when Dr. Tillou received a copy of this order[3] after it was re-mailed, she effectively ignored it. Def. Tillou's Decl. in Opp'n to Entry of Default J. & to Vacate Default Previously

---

[1] The Plaintiff and the Magistrate Judge both treated this "response" as the Answer to the Complaint by Chiropractic Center, PA, the only defendant at that point in time. I do the same, for the sake of clarity.

[2] The relationship between 290 Bremen Road and 299 Bremen Road is not clear, nor is it clear whether Dr. Tillou has a connection to, or receives mail at, both properties. The summons that was executed on the original Complaint says that Dr. Tillou was served at "290/299 Bremen Rd." Executed Summons on Compl. (ECF No. 4).

[3] Dr. Tillou says that she received this order on July 8. Def. Tillou's Decl. in Opp'n to Entry of Default J. & to Vacate Default Previously Entered ("**Tillou Decl.**") ¶ 7 (ECF No. 23-2). This cannot be correct, because the docket reflects that the Court did not re-mail the Magistrate Judge's order after it was returned as undeliverable until July 8. It appears that Dr. Tillou has mixed up her dates.

Entered ("**Tillou Decl.**") ¶ 7 (ECF No. 23-2). She contends that she did so because, by this point in time, Chiropractic "was closing and had no money." Tillou Decl. ¶ 7.

The June 28 deadline came and went without a response from Chiropractic or Dr. Tillou, so, on June 29, the Magistrate Judge ordered that Chiropractic's Answer be stricken. June 29, 2021, Order (ECF No. 7).

On July 7, 2021, the Plaintiff filed a two-count First Amended Complaint ("**FAC**"), this time adding a claim for retaliation under the Maine Whistleblowers' Protection Act and the Maine Human Rights Act against original Defendant Chiropractic and against Dr. Tillou. FAC (ECF No. 8). Summonses for Chiropractic and Dr. Tillou were issued, and both were served on Dr. Tillou on July 10, 2021, by the same process server as before, Mr. Calderbank.[4] Executed Tillou Summons on FAC (ECF No. 11); Executed Chiropractic Summons on FAC (ECF No. 12); Calderbank Aff. ¶¶ 4, 15. Mr. Calderbank states that he first tried to serve the summonses the evening before but that nobody answered the door, despite the presence of three cars in the driveway. Calderbank Aff. ¶ 13.

Mr. Calderbank also made several observations indicative of attempts by Dr. Tillou to evade service. On July 10, as he approached the residence, he saw a woman whom he recognized as Dr. Tillou step away from the window. Calderbank Aff. ¶¶ 5–6. After he knocked on the door, he observed a door close at the back of the kitchen.

---

[4] Dr. Tillou says she was served on July 7, 2021. Tillou Decl. ¶ 6. This date, too, appears to be incorrect. Even setting aside the executed summons and the affidavit of the process server, the docket reflects that the summonses were not issued until almost 2:00pm on July 7, 2021. Summons (ECF No. 9). That leaves little time for the summonses to have been retrieved and served that same day.

Calderbank Aff. ¶ 8. As he continued to knock, he observed a dog barking and looking back and forth between the back of the kitchen and the front door. Calderbank Aff. ¶¶ 9–10. Ultimately, Mr. Calderbank posted the documents to the door. Calderbank Aff. ¶ 15. Dr. Tillou has not offered a response to the facts outlined in Mr. Calderbank's affidavit.

Dr. Tillou contends that when she retrieved these posted documents she believed she had received a duplicate copy of the original Complaint rather than an Amended Complaint. Tillou Decl. ¶ 6. She thus did not file an Answer.

On August 9, 2021, after the Defendants' deadline for filing their Answers passed, the Plaintiff moved for an entry of default. Pl.'s Mot. for Entry of Default (ECF No. 14). The Clerk entered default the following day. Aug. 10, 2021, Order (ECF No. 15).

On August 10, 2021, after learning that the Property had recently been placed under contract for sale, the Plaintiff filed a motion to attach the Property. Pl.'s Mot. for Subsequent Attach. Ex Parte. 10–11 (ECF No. 16). On August 13, 2021, I granted that motion and ordered an attachment against the Property. Order on Pl's Ex Parte Mot. for Subsequent Attach. (ECF No. 18). On August 19, 2021, the Plaintiff filed the motion for default judgment now before me. Pl.'s Mot.

In September, Dr. Tillou was in the midst of trying to sell the Property and learned from her closing attorney that a lien (i.e., the attachment) had been placed on the Property. Tillou Decl. ¶ 11. It was only after she became aware of the lien that Dr. Tillou says she learned that an entry of default had been entered against her and

4

against Chiropractic. Tillou Decl. ¶ 11. Counsel for Chiropractic and Dr. Tillou then made an appearance in this case on September 7, 2021. Not. of Appearance (ECF No. 20). On September 16, 2021, the Defendants filed an opposition to the Plaintiff's motion for default judgment and moved to vacate the entry of default. Defs.' Mot.

## LEGAL STANDARD

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). There is no "precise formula" for what constitutes good cause, and "each case must necessarily turn on its own unique circumstances." *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 12 (1st Cir. 2003) (quoting *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989)). Rule 55(c) "permits the consideration of a panoply of 'relevant equitable factors.' " *Id.* (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)). These factors include:

> (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; [and] (7) the timing of the motion to set aside entry of default.

*Id.* (quoting *McKinnon v. Kwong Wah Rest.*, 83 F.3d 498, 503 (1st Cir. 1996)). The first three factors are the ones that are "typically considered," although "courts may consider other relevant factors," including the other four listed here. *Indigo Am., Inc. v. Big Impressions, LLC*, 597 F.3d 1, 3 (1st Cir. 2010). These factors must be weighed "in a practical, commonsense manner, without rigid adherence to, or undue reliance upon, a mechanical formula." *KPS & Assocs.*, 318 F.3d at 12 (quoting *Gen. Contracting & Trading Co. v. Interpole, Inc.*, 899 F.2d 109, 112 (1st Cir. 1990)). The

burden of demonstrating good cause lies with the party seeking to set aside the entry of default. *Indigo*, 597 F.3d at 3.

### DISCUSSION

I begin with the question of whether the default was willful, although I note that the nature of the Defendants' explanation for the default, the good faith of the parties, and the timing of the motion to set aside the entry of default all factor into my analysis of whether the default was willful. Significant to my analysis is Dr. Tillou's initial response to this lawsuit, which is indicative of an honest attempt to engage with the process. She promptly responded to the Plaintiff's allegations and submitted this response to Plaintiff's counsel as she mistakenly thought she was required to do. I question why she would have submitted Chiropractic's Answer if she, as the Plaintiff puts it, intended to act "in bad faith believing that she could manipulate the legal process by evading service and ignoring the Court's orders." Pl.'s Reply to Defs.' Resp. in Opp'n to Mot. for Entry of Default J. & Pl.'s Resp. to Defs.' Mot. to Set Aside Entry of Default ("**Pl.'s Reply**") 4–5 (ECF No. 25).

That is not to say that Dr. Tillou is blameless here. Even though she did not receive the Magistrate Judge's June 3, order in a timely fashion, once she did receive it, she should have done more than simply shrug her shoulders. It was not acceptable for Dr. Tillou to ignore this court order simply because she believed Chiropractic was judgment-proof. I take the Plaintiff's point that Dr. Tillou understood that she was required to obtain an attorney for Chiropractic but then purposefully failed to do so. Pl.'s Reply 3. But I do not draw the same conclusion as the Plaintiff. I conclude not

6

that Dr. Tillou was seeking to thumb her nose at the legal system but that she was misunderstanding what was required of her. That is, I conclude that she thought (wrongly) that the Magistrate Judge's order did not pertain to a company that was now defunct. Dr. Tillou also should have more carefully looked at the FAC when it was served upon her and noticed that it was not merely a duplicate of the Complaint and that it required additional action by her. Dr. Tillou was incorrect in both of these instances, and she acted irresponsibly. But I do not believe she acted in bad faith. As the Plaintiff concedes, more than mere negligence is required to establish that the default was willful. Pl.'s Reply 2. And I conclude that these mistakes by Dr. Tillou were the result of negligence rather than willful attempts to evade the legal process.[5] Dr. Tillou did not act willfully in failing to file an appropriate Answer for herself or for Chiropractic.

In looking at whether setting aside the entry of default would prejudice the Plaintiff, I bear in mind that "delay in and of itself does not constitute prejudice." *Indigo*, 497 F.3d at 4. The Plaintiff identifies no way in which she would be prejudiced by setting aside the entry of default, and I cannot identify any such prejudice (after discounting delay).

"Establishing the existence of a meritorious defense is not a particularly arduous task." *Id.* "A party's averments need only plausibly suggest the existence of

---

[5] I recognize that the Plaintiff has put forward evidence that Dr. Tillou attempted to evade service on the Amended Complaint, but even taking the process server's affidavit as true, her behavior is consistent with a number of innocent behaviors. I also question the relevance of this evidence in light of the fact that Dr. Tillou not only accepted service on the Complaint but then filed an Answer. It seems odd that Dr. Tillou would engage with the process at the outset but then purposefully try to evade service down the road.

facts which, if proven at trial, would constitute a cognizable defense." *Id.* (quoting *Coon*, 867 F.2d at 77). In her FAC, the Plaintiff alleges that Dr. Tillou was submitting false claims to Medicare, in violation of the False Claims Act, and that Dr. Tillou fired her for reporting these actions. FAC ¶¶ 35–36, 48. And in response, the Defendants contend that Ms. Wood was terminated because Chiropractic closed its doors and that Ms. Wood also could have been terminated for cause because she "badly managed" the company's billing. Tillou Decl. ¶¶ 8–10. That plausibly asserts a meritorious defense to the claims in the FAC.[6]

Finally, I look at the amount of money involved here. The Plaintiff is seeking $24,646 in lost wages, double that in liquidated damages, compensatory and punitive damages, costs, and fees. Pl.'s Mot. 3 (ECF No. 19). This is not an insignificant amount. I have already determined that the Plaintiff is likely to recover at least $86,728.50 and ordered an attachment against Dr. Tillou in that amount. Order on Pl's Ex Parte Mot. for Subsequent Attach. 7. This money has been escrowed, Tillou Decl. ¶ 11, but it would be a significant step to award this amount of money to the Plaintiff out of hand.

I conclude that the Defendants have established good cause to set aside the entry of default.

---

[6] The Plaintiff contends that the Defendants put forward only a "general denial" of the Plaintiff's allegations. Pl.'s Reply to Defs.' Resp. in Opp'n to Mot. for Entry of Default J. & Pl.'s Resp. to Defs.' Mot. to Set Aside Entry of Default ("**Pl.'s Reply**") 6 (ECF No. 25). But this ignores Dr. Tillou's declaration. The Plaintiff also points to the judgment of the Maine Human Rights Commission "that there were reasonable grounds to . . . believe that Defendants retaliated against the Plaintiff." Pl.'s Reply 6. However, the existence of "reasonable grounds" for a suit is not incompatible with the plausible existence of a meritorious defense.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Plaintiff's motion for default judgment (ECF No. 19) and **GRANTS** the Defendants' motion to set aside the entry of default (ECF No. 23).

SO ORDERED.

/s/ Nancy Torresen  
United States District Judge

Dated this 27th day of October, 2021.